ARMSTRONG, Judge.
The defendant, Clarence Gibson, was charged with a violation of La.R.S. 14:65, relative to the offense of simple robbery. Following a bench trial the defendant was found guilty as charged and, pursuant to a multiple bill filed by the prosecution, was sentenced as a triple offender, to serve six years at hard labor, without good time. It is from this conviction and sentence that the defendant has appealed.
The evidence presented in this ease is not disputed in large part. Both the victim, Demaja Lindenstein, and the defendant testified that on October 7,1987 the defendant encountered the victim outside the victim’s home. At the time the victim was with Patsy Williams. The defendant had been working for the same man as the victim for a few months. The defendant believed that the victim owed him money as a result of this employment. The defendant had been recently fired by the victim, who was his supervisor. According to the defendant, he accused the victim of forging his paycheck and then in anger struck the victim. He denied taking anything from the victim. According to the victim, the defendant demanded money then hit him, chased him, then kicked him to the ground and stomped him all over the body for several minutes. The victim further testified that the defendant then took $25.00 from his shirt pocket and a silver ring from his finger, while threatening to return another time for more money.
*264 The eyewitness, Patsy Williams, also a fellow employee, testified that the defendant approached the victim, asked if he had his money, received an affirmative reply, and then hit the victim. Ms. Williams then ran across the street to call the police. The last thing she saw was the defendant chasing the victim into a parking lot and jumping on him.
The defense focused on attempting to show that the victim had cheated defendant. The men’s employer, Jules Cahn, would write one or two checks for an entire work crew. The alleged victim would generally take the workmen to the bank, co-endorse the check or checks so they could be cashed, then distribute the portions in cash. Various cleared checks were introduced into evidence and defendant denied endorsing the one dated five (5) days prior to this incident. The defendant phoned the police to find out if the victim had been committing an illegal act in the way the checks were handled but admitted no report was made. He also phoned Mr. Cahn, the employer, about his checks. Mr. Cahn corroborated receiving at least one complaint from the defendant about the paychecks but could mot recall any details.
A review of the record reveals that there are no errors patent.
The defense contends that no reasonable finder of fact' could have found the evidence sufficient to convict defendant of simple robbery.
When reviewing for sufficiency of evidence, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982).
In a prosecution for simple robbery, the state must prove that the defendant (1) took something of value (2) belonging to another (3) from the person of another (4) by use of force or intimidation. La.R.S. 14:65.
In the present case, the victim, Ms. Williams and the defendant all testified that the defendant used force against the victim. Lindenstein testified that the defendant took a silver ring from his finger and $25.00 from his pocket. There were no other witnesses to this, nor was there any evidence adduced to verify that Lindenstein owned such a ring. Defendant contends that this lack of evidence, coupled with the evidence that the defendant and Linden-stein were having a dispute over money, mandates the same result in this case as occurred in State v. Mussall, 523 So.2d 1305 (La.1988).
In Mussall the victim claimed that the defendant, Mussall, had robbed him. However, the victim’s story was subject to attack, as he claimed that Mussall, whom he had met but briefly years before, had called him out of the blue and persuaded him to meet and to bring to that meeting a large amount of cash to purchase a shrimp boat which the victim had never even seen. The victim told the judge in Mussall’s bench trial that at the meeting, Mussall pulled a gun and ran away with the cash. Mussall of course denied having robbed the victim, and explained that he, the victim and three others had engaged in a conspiracy to import narcotics, and that when the scheme failed, the others had in various ways sought to extract their losses from Mussall, who had just recently received a large personal injury settlement. In support of his story, Mussall demonstrated that the victim of the armed robbery had filed a civil suit for the money allegedly taken in the armed robbery, but that the suit had been filed by an attorney also retained by the others allegedly involved in the conspiracy to import narcotics, and that the two suits were filed on the same day. The victim denied that this was anything but a coincidence.
After discussing the reasonable doubt standard and the sufficiency of the evidence doctrine as embodied in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), the Louisiana Supreme Court wrote:
The principal criterion of a Jackson v. Virginia review is “rationality” ... [T]he actual trier of fact is presumed to *265 have acted “rationally” until it appears otherwise ... [T]he actual fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.
The Louisiana Supreme Court concluded that in Mussall no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.
The situation in this case is different from Mussall. First, the victim had not been cheated by defendant. Rather, the defendant believed, and maintained at trial, that the victim had cheated him. Thus, the “revenge” motive involved in Mussall does not apply. More importantly the victim had no need to fabricate a robbery to harm defendant. By the defendant’s own admission, as well as the testimony of Patsy Williams and the police officer the defendant hit and beat the victim knowing it would cause great pain to him.
Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty of simple robbery beyond a reasonable doubt.
Accordingly, defendant’s conviction and sentence are affirmed.
AFFIRMED.